PER CURIAM.
In the final judgment of dissolution of marriage the trial court awarded the husband his entire police pension as lump sum alimony. The wife claims that the court was required to make an equitable distribution of the pension between the parties. Based on Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla.1986), we affirm.
The parties were married for 26 years. The wife worked primarily in doctors’ offices and averaged $18,000-$19,000 per year. However, at her last two jobs, the wife earned at a rate of $31,200 per year, although she claims that this amount of salary was unusual. When she returned to work after having some abdominal surgery, she was fired for unsatisfactory performance. She had unsuccessfully looked for employment prior to trial. The husband contended, however, that she could work, and the trial court found that the wife had purposefully avoided work.
The husband is a former police officer who was injured in a motorcycle accident while on duty in 1991. As a result, he suffers from a permanent disability, which amounted to somewhere between a 5-10% permanent disability. Due to his injury, when early retirement was offered to the husband, he decided to take it after discussion with the wife, who at the time agreed to his retiring. He left the force with retirement pay and no disability pay. While the wife claimed that the husband is refusing to work and could do work other than police work, the trial court found that he had not maintained any meaningful employment since his injuries in 1991 and was unable to support himself.
In its final judgment, the trial court determined that the husband would be entitled to alimony from the wife because of his inability to support himself. The husband’s income from the pension, his only source of income, was approximately equal to the money that the wife could receive through employment if she used her best efforts to gain employment. The court then awarded the husband his monthly retirement benefits as lump sum alimony and determined that prior to trial the parties had equitably distributed the assets and liabilities of the marriage.
The wife contends that this last finding was error in that she had always requested an equitable distribution of the pension. However, whether or not the trial court misconstrued their stipulation, the trial court did not treat the pension as an asset for equitable distribution but as a source of income for support. In Diffenderfer, 491 So.2d at 267, the supreme court held that a pension could be considered as a source of payment of permanent periodic alimony instead of being equitably divided. Here, the trial court considered the retirement benefits as support to the husband, who the court found was Unable to otherwise support himself. In doing so, the court relieved the wife from an obligation to pay alimony to the husband. Therefore, the wife did in fact gain a benefit from the pension by being forever relieved from supporting her former spouse of this long-term marriage. If the trial court were to have divided the pension benefit, the wife would have received a share of the monthly payments but probably would have been required to pay the husband support. In fashioning this remedy, the trial court did not abuse its discretion. Canakaris v. Cana *264 karis, 382 So.2d 1197 (Fla.1980). We affirm as to all remaining issues.
Affirmed.
WARNER, PARIENTE and SHAHOOD, JJ., concur.